UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Integrity Business Partners, LLC, | No. 2:21-cv-01187-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| DB Asset Group, LLC, et al., | |
| Defendants. | |

Attorney Suzanne M. Alves moves to withdraw as plaintiff's counsel. Mot., ECF No. 12. The court submits the matter and, for the following reasons, **grants the motion to withdraw**.

If withdrawal would leave a client in propria persona, Local Rule 182(d) requires the withdrawing person to seek leave of court, file a formal motion, and provide notice of the withdrawal to the client and all other parties who have appeared. The attorney must provide an affidavit stating the efforts made to notify the client of the motion to withdraw, L.R. 182(d), and "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. R. Prof. Conduct 3-700(A)(2). The court considers whether there is good cause for withdrawal. *Johnson v. California Dep't of Corr. & Rehabs.*, No. 09-502, 2009 WL 2447705, at *1 (E.D. Cal. Aug. 7, 2009). The court contemplates possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted). The

1  decision to grant or deny a motion to withdraw is within the court's discretion.  *United States v.*
2  *Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

3        Alves has complied with the relevant rules and there is good cause to withdraw.  *See*
4  *generally* Alves Decl., ECF No. 12-1.  Plaintiff Integrity Business Partners, LLC has repeatedly
5  "failed to perform its obligations under [its fee] agreement" with Alves.  Mot. at 4.  Alves has
6  repeatedly tried to enforce the agreement to no avail.  *Id.*  Material breach of a fee agreement is
7  good cause for withdrawal.  Cal. Prof'l Conduct R. 1.16(b)(5).[1]  *Kannan v. Apple Inc.*, No. 17-
8  7305, 2020 WL 75942, at *2 (N.D. Cal. Jan. 7, 2020) ("A client's failure to pay legal fees . . .
9  may constitute good cause to permit an attorney's withdrawal from representation of a client.").

10        Withdrawal does not present any issue of prejudice or delay.  The case is barely a year
11  old, and the next court-imposed discovery deadline is six months away.  Scheduling Order, ECF
12  No. 9.  While the plaintiff is due to provide discovery responses in a few weeks, Mot. at 4, and
13  has not taken steps to retain new counsel, Alves Decl. ¶ 6, the court does not find this presents an
14  obstacle to withdrawal.  That said, as the plaintiff is a limited liability company, it may not
15  continue this case in the absence of counsel.  *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*,
16  366 F.3d 972, 973–74 (9th Cir. 2004) ("Corporations and other unincorporated associations must
17  appear in court through an attorney.")  Accordingly, the court stays the case for thirty days so the
18  plaintiff may obtain new representation, thus preventing any prejudice due to upcoming
19  deadlines.

20        **CONCLUSION**

21        The court **grants counsel's motion to withdraw (ECF No. 12)**.  Counsel shall serve this
22  order on the plaintiff.

23        The court **stays this case thirty days** to afford the plaintiff time to secure new counsel.
24  Should the plaintiffs fail to provide notice of new counsel this action may be subject to dismissal.
25  /////

---

[1] A lawyer may withdraw from representation if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. Prof'l Conduct R. 1.16(b)(5).

1  The court sets a status conference for **June 30, 2022 at 2:30 p.m.** and directs counsel,
2 including new counsel for plaintiff, to file a joint status report by seven (7) days before the status
3 informing the court of any changes either party or both parties believe need to be made in the
4 schedule of the case.
5  IT IS SO ORDERED.
6 DATED: May 16, 2022.

CHIEF UNITED STATES DISTRICT JUDGE